# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ERNEST BYRD SHUMAN,

    Petitioner,

v.

HILTON HALL, Warden; and HOMER BRYSON, Commissioner,

    Respondents.

CIVIL ACTION NO.: 5:15-cv-88

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ernest Shuman ("Shuman"), who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Georgia Board of Pardons and Parole ("the Board"). (Doc. 1.) Respondents filed an Answer-Response and a Motion to Dismiss. (Docs. 4, 5.) Shuman filed Responses. (Docs. 7, 8.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondents' Motion, **DISMISS** Shuman's Petition without prejudice, and **DENY** Shuman *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Shuman was convicted in 1990, after entry of a guilty plea, in the Thomas County, Georgia, Superior Court of murder and concealing the death of another.[1] He was sentenced to

---

[1] Shuman contests the decision of the Board denying him parole in this Section 2254 petition and not his underlying conviction, which was obtained in the Thomas County Superior Court, which lies in the Middle District of Georgia. However, the Court need not transfer this Petition to the Middle District of Georgia for disposition, as it appears that Shuman should have brought this Petition pursuant to 28 U.S.C. § 2241 in this Court because he is challenging the execution of his sentence, and he is confined in this District. Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 843 (11th Cir. 2015) (citing Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008), which stated a Section 2241 action was

life in prison. (Doc. 1, p. 1.) It does not appear that Shuman filed a direct appeal. In the instant Petition, Shuman contests the Board's denial of parole on August 20, 2015. (Doc. 1, pp. 5–6, 8.)

## DISCUSSION

Shuman states in his Petition that the Board has denied him his Fourteenth Amendment rights because the Board failed to grant him parole based on its decision that Shuman's release "would not be compatible with the welfare of society and . . . due to the severe nature of the offense for whitch (sic) he was convicted." (Id. at p. 6.)

Respondents assert Shuman's Petition is due to be dismissed because he failed to exhaust his state remedies prior to filing this cause of action. (Doc. 5-1, p. 1.) Specifically, Respondents contend Shuman should have filed a petition for writ of mandamus, as he is challenging parole proceedings. (Doc. 5-1, p. 3.) In his Response to the Motion to Dismiss, Shuman requests this

---

the appropriate vehicle to challenge a decision of the federal Parole Commission); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013) ("A § 2241 habeas petition is the appropriate vehicle to bring challenges to the execution of sentence.") (citation omitted). Despite this distinction, the Court also need not determine whether Section 2254 or Section 2241 provides the appropriate avenue for Shuman to contest the Board's denial. Even if this Petition had been brought pursuant to Section 2241, Shuman still has to comply with the procedural requirements of Section 2254. "A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to Section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" Section 2241(c)(3) applies. Id. at 786. This Section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting Section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787. Shuman contests the decision of the Board to deny him parole in August 2015. Shuman is in custody pursuant to the judgment of a Georgia court, and thus, his petition is governed by Section 2254 and its attendant restrictions, such as the statute of limitation period and the exhaustion requirement. See Thomas, 371 F.3d at 787 (stating that the argument that Section 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings is without merit). Accordingly, the Court must determine whether Shuman's Petition should be dismissed because Shuman failed to exhaust his state remedies, as required under Section 2254.

Court hold his Petition in abeyance, as he has uncovered an issue which should be presented in the State courts. (Doc. 7, p. 2; Doc. 8.)

The Court now addresses the parties' contentions.

**I.      Whether Shuman Exhausted his State Remedies**

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement that he seek relief from the courts within his state of conviction. That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State."  O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999).  Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Id. at 845.  This exhaustion requirement also extends to a state's

collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Shuman, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is nothing before the Court indicating that Shuman exhausted his available state remedies prior to filing this Petition. The Court notes Shuman is challenging the Board's decision to deny him parole. "[A] petition for writ of mandamus is the proper vehicle for challenging parole decisions in Georgia." Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008); Johnson v. Griffin, 522 S.E.2d 657 (Ga. 1999). As there is no evidence before the Court that Shuman filed a petition for writ of mandamus to challenge his eligibility for parole or the Board's process, he failed to exhaust his

state remedies prior to filing this Petition.[2] Accordingly, the Court should **GRANT** Respondents' Motion and **DISMISS** Shuman's Petition, without prejudice.

## II. Whether the Court Should Hold Shuman's Petition in Abeyance

As set forth above, a petitioner bringing a Section 2254 Petition must exhaust his state remedies prior to filing his Section 2254 Petition in federal court. When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277 –79 (2005). The Supreme Court found that granting a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court." Id. at 277. However, it would be an abuse of discretion to grant a stay to a petitioner, even upon a showing of good cause, if his "unexhausted claims are plainly meritless." Id. at 278. In situations when a court presented with a mixed petition determines that a stay and abeyance is inappropriate, "the court should allow the

---

[2] Shuman should have sought review of the Board's decision with a Georgia court, whether by filing a petition for writ of mandamus or by filing a state habeas corpus petition. See Grady v. Ga. Dep't of Corr., No. CV 409-103, 2010 WL 322881, at *3 (S.D. Ga. Jan. 27, 2010) (dismissing a Section 2254 petition based on the petitioner's failure to exhaust his state remedies and citing Stewart v. Ga. Bd. of Pardons & Parole, Civil Action No. 1:08-CV-2966-WSD-ECS, 2008 WL 4816677, at *2 (N.D. Ga. Oct. 31, 2008)), for the proposition that a petition was to be dismissed because the petitioner did not seek review of his parole revocation in state court, either by filing a petition for writ of habeas corpus or a state writ of habeas corpus); see also Fedd v. Taylor, No. 1:13-CV-83 (WLS), 2013 WL 8180435, at *2 (M.D. Ga. Dec. 20, 2013) (finding petitioner's claims exhausted but citing Stewart for requirements to exhaust a parole decision in Georgia); see also O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint.").

5

petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if* dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. (emphasis supplied).

Here, Shuman does not present the Court with a "mixed" Petition (i.e., a petition containing both exhausted and unexhausted claims). Rather, Shuman's entire Petition, as discussed in the preceding Section, is unexhausted and should be dismissed. His reference to an unidentified unexhausted claim does not serve as cause to hold these proceedings in abeyance.

### III. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Shuman leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Shuman has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Shuman's Petition and Respondents' Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal

would not be taken in good faith. Thus, the Court should likewise **DENY** Shuman *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondents' Motion to Dismiss, (doc. 5), **DISMISS** Shuman's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Shuman leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Shuman and Respondents.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA